IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR142 |
| | ) | |
| v. | ) | |
| | ) | |
| MARSHALL T. BOX, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties have stipulated that the defendant should have his sentence reduced pursuant to the most recent amendments to the "crack" Guidelines. (Filing no. 120 (motion); filing no. 121 (stipulation).) The stipulation is consistent with the retroactive sentencing worksheet (filing no. 116) submitted by the probation office. However, I will deny the motion and stipulation.

I heard oral argument from counsel on this matter on January 18, 2012. In November of 2011, I provided a draft of this Memorandum and Order to the prosecutor and to the defense counsel so that the lawyers could be fully prepared to make their arguments while aware of my serious concerns. After hearing their arguments, counsel have not persuaded me to grant their motion and stipulation.

The defendant's prior record (criminal history category V), which includes assault and battery, assault with intent to inflict serious injury, and serious assault, coupled with his membership in the 40th Avenue Crip street gang, raises serious public safety concerns. (Filing no. 116 at CM/ECF p. 1.) Furthermore, the defendant has lost 341 of possible 363 days of good time for numerous discipline reports while in prison and his misbehavior involved such things as fighting and masturbating in front of staff. (Filing no. 116 at CM/ECF p.2.) Still further, I have previously reduced the defendant's sentence from 235 months in prison to 144 months in prison because of

the defendant's cooperation with the government and thus much of the unfairness of the "crack" Guidelines has already been ameliorated. (Filing no. 83.) Finally, in August of 2008, when the defendant last sought a sentence reduction due to an earlier change in the "crack" Guidelines, I denied the motion because the defendant was not entitled to relief due to the quantity of drugs (over 6 kilos) that were involved. I added that I would not have granted the motion even if I had the discretion to do so because of public safety concerns. (Filing no. 108.) Nothing has changed since then to allay my concerns for the safety of the public. If anything, my fears are even more pronounced.[1] Having carefully applied U.S.S.G. § 1B1.0, and particularly application note (1)(B)(ii)&(iii),

IT IS ORDERED that the unopposed motion to reduce sentence under 2011 crack cocaine guideline amendment(filing no. 120) and related stipulation (filing no. 121) are denied. The Clerk shall provide a copy of this Memorandum and Order to counsel of record and to Mr. Harms and Mr. Norton of the United States Probation Office.

DATED this 18th day of January, 2012.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

[1]In 2008, the defendant had lost 14 days of good time. (Filing no. 109 at CM/ECF p. 1.) Now, having lost 341 days (filing no. 116 at CM/ECF p.2), it is apparent that the defendant's prison conduct has continued to grow worse. At oral argument, defense counsel agreed that the defendant had lost a lot of good time, but counsel suggested that the more precise figure was in the neighborhood of 150 days and not 341 days. Either way, the result is the same.